IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| JAMAL BLANTON | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:17cv628 |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The Petitioner Jamal Blanton, a prisoner currently confined in the Federal Correctional Institution in Texarkana, Texas, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2241 challenging the execution of his sentence. Specifically, Petitioner requests that the Federal Bureau of Prisons be ordered to consider him for a transfer to a residential re-entry center (RRC) or community confinement center (CCC) or home detention. This Court referred the matter to the Honorable K. Nicole Mitchell, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court.

After review of the pleadings, the magistrate judge recommended that the petition be dismissed because the Petitioner failed to exhaust his administrative remedies. The court has received and considered the Report and Recommendation of the United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence.

Petitioner filed objections asserting on November 16, 2017, after he filed his habeas corpus petition, he submitted a "cop out" [i.e. a request for informal resolution of a complaint] to his unit team requesting to be designated to either home confinement, an RRC/CCC, or a camp. This request was denied without consideration of the five factors enumerated in 18 U.S.C. §3621(b). Petitioner maintains that the Bureau of Prisons is required to consider these five factors and argues that "nothing more was required by this petitioner to give way to the filing of this 2241 habeas petition than the submitting of the cop-out to his unit team to have them deny it, and thereby substantiate his

1

claim that the BOP and its employees are committing fraud and obstruction of justice." He does not dispute the Government's assertion that he failed to exhaust his administrative remedies by pursing all three steps of the Federal Bureau of Prisons grievance procedure.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes petitioner's objections lack merit and should be overruled. *See Woods v. Warden, FCI Texarkana*, civil action no. 5:06cv206, 2007 WL 192156 (E.D.Tex., January 22, 2007) (habeas corpus petitioners challenging the Bureau's placement policy in an RRC or a CCC must exhaust administrative remedies); *accord, Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (federal prisoner seeking habeas corpus relief under 28 U.S.C. §2241 must exhaust available administrative remedies).

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations. A certificate of appealability is **DENIED**. All motions not previously ruled upon are hereby **DENIED**.

**SIGNED** this the 28 day of **November, 2018.**

_____
Thad Heartfield
United States District Judge